

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2002

# USA v. Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Elliott" (2002). *2002 Decisions.* Paper 541.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/541

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 01-2108

————————

UNITED STATES OF AMERICA

v.

TOM  ELLIOTT, III

Tom Elliott,

Appellant

————————

Appeal from the United States District Court

For the Middle District of Pennsylvania

D.C. No.: 00-cr-00119-2

District Judge: Honorable Yvette Kane

————————

Submitted Under Third Circuit LAR 34.1(a) May 7, 2002

Before: NYGAARD, ALITO, and ROSENN, <u>Circuit</u> <u>Judges.</u>

(Filed: August 28, 2002)

————————

OPINION OF THE COURT

————————

<u>ROSENN</u>, Circuit Judge.

The appellant, Thomas Elliott, III, pled guilty in November 2000 in the United States

District Court for the Middle District of Pennsylvania to possession with intent to

distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).  The court

sentenced the appellant to 140 months of imprisonment. His attorney filed a motion to withdraw as counsel and a supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967). As part of his plea bargain, Elliott agreed to testify and did testify as a Government witness against another defendant, John Watson, charged with possession with intent to manufacture and distribute crack cocaine.

Pursuant to the plea agreement, the Government filed a motion under Sentencing Guidelines § 5K1.1 seeking a departure from the Sentencing Guideline range of 151-158 months. The Government recommended a range of 70-87 months. The District Court granted the Government's motion but instead, departed downward from the minimum in the range by 11 months only. Disappointed in the extent of the downward departure, Elliott timely appealed.

Because we could not on the record then before us determine whether the District Court complied with the analysis set forth by this Court in United States v. Torres, 251 F.3d 138 (3d Cir. 2001), we denied the motion of counsel for the appellant to withdraw from this proceeding and directed him to obtain the sentencing transcript and file a supplemental brief on this issue. We retained jurisdiction. Counsel complied and the Government also filed a supplemental brief. It is undisputed by both counsel that the District Court complied with Torres.

Our review of the sentencing transcript reveals that the District Court considered all of the five factors set forth in § 5K1.1 of the Sentencing Guidelines. Although the District Court did not consider each of the five specific 5K1.1 factors individually and articulate its

specific findings on each factor, as we encouraged sentencing courts to do in <u>Torres</u>, we are satisfied that the District Court adequately complied with <u>Torres</u>. Of particular importance, the Court considered the significance and usefulness factor and found the defendant's testimony to be not particularly helpful. As to the other factors, the Court recited general observations and conclusions which demonstrated that it applied all of the other relevant factors. Significantly, the Court also noted the defendant's "25 years of criminal activity in this community, and a lot of [his] crimes" of violence. The defendant's history of criminal activity, the District Court ruled, militated against the degree of the downward departure recommended by the Government.

Nonetheless, we pause to make a few brief observations. The Government acknowledged again at sentencing that Elliott cooperated with the investigators, unlike his alleged co-conspirators, and noted that Elliott provided credible information. No doubt, the Government was aware of Elliott's career offender status when it made its original recommendation and when it reaffirmed it at sentencing. Notwithstanding, the Government urged the District Court to reduce Elliott's sentence by half. The Court thought otherwise. Under these circumstances, we are constrained to affirm.

The judgment and sentence of the District Court is affirmed. In light of the supplemental brief and the sentencing transcript, we vacate our original denial of counsel's motion to withdraw as counsel and now grant the motion.

3

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/Max Rosenn
Circuit Judge